## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **OLUKAYODE KASHAKA, et al.** | : | |
| **Plaintiffs,** | : | |
| | : | |
| | : | |
| **v.** | : | **CIVIL NO. L-04-2615** |
| | : | |
| | : | |
| **BALTIMORE COUNTY, et al.** | : | |
| **Defendants.** | : | |

### MEMORANDUM

On August 10, 2004, Plaintiffs Olukayode Kashaka, Sauda Olukayode, and Ayinde Olukayode ("Plaintiffs") filed a 42 U.S.C. § 1983 Complaint against Defendants (i) Baltimore County, (ii) the Baltimore County Department of Health, (iii) the Director of the Baltimore County Office of Finance and Budget, (iv) the Baltimore County Police Department, (v) B.R. Kurtz,[1] and (vi) Michael K. Bennett.[2]  Now pending is a Fed. R. Civ. P. 12(b)(6) motion to dismiss filed by three defendants: the Baltimore County Department of Health, the Director of the Baltimore County Office of Finance and Budget, and the Baltimore County Police Department ("Defendants").  Defendants argue that they are not legal entities capable of being sued.  Because the issues have been fully briefed, the Court will dispense with a hearing.  See Local Rule 105.6 (D. Md. 2004).  For the reasons stated herein, the Court will, by separate Order filed this date, GRANT IN PART Defendants' motion to dismiss and order further briefing on the remaining issues.

---

[1] Mr. Kurtz in an officer in the Baltimore County Police Department.

[2] Plaintiffs state that Mr. Bennett is a Baltimore County "fire officer."

I.   **ANALYSIS**

    A.   **Timeliness of Motion**

As an initial matter, Plaintiffs argue that the Court should refuse to entertain Defendants' motion to dismiss because it was filed more than twenty days after service of process.[3]  This argument is without merit.  A motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim may be made at any time.  Curl v. Reavis, 740 F.2d 1323, 1328 n.1 (4th Cir. 1984).

    B.   **Capacity to be Sued**

Under Fed. R. Civ. P. 17(b), "capacity to sue or be sued shall be determined by the law of the state in which the district court is held."

        1.   **Baltimore County Police Department**

It is clear that under Maryland law, the Baltimore County Police Department is not a legally cognizable entity capable of being sued.  See Hines v. French, 852 A.2d 1047, 1068 (Md. Ct. Spec. App. 2004).  Accordingly, the Court will GRANT Defendants' motion to dismiss all claims against the Baltimore County Police Department.

        2.   **Baltimore County Department of Health and Director of the Baltimore County Office of Finance and Budget**

Defendants, however, have provided no support whatsoever for their assertion that the Baltimore County Department of Health and the Director of the Baltimore County Office of Finance

---

[3] Plaintiffs state that they effected service of process on Defendants on October 26, 2004, although they offer no affidavit of service to support their assertion.  On November 17, 2004 (twenty-two days later), Defendants filed their motion to dismiss.  Plaintiffs did not file a motion for entry of default.

and Budget are not legal entities capable of being sued.  Accordingly, if Defendants wish to pursue the

motion with respect to the Baltimore County Department of Health and the Director of the Baltimore

County Office of Finance and Budget, they shall file a supplementary memorandum on or before May

27, 2005.  Defendants' supplementary memorandum shall state why the Baltimore County Department

of Health and the Director of the Baltimore County Office of Finance and Budget are not subject to

suit, citing appropriate case law.  If Defendants choose to submit a supplementary memorandum,

Plaintiffs' response will be due by June 10, 2005.  Defendants' reply will be due by June 17, 2005.  If

Defendants do not submit a supplementary memorandum, the Court will deny the motion to dismiss

with respect to the Baltimore County Department of Health and the Director of the Baltimore County

Office of Finance and Budget.

**II.**     **CONCLUSION**

Accordingly, for the reasons stated herein, the Court will, by separate Order:

(i)      GRANT Defendants' motion to dismiss all claims against the Baltimore County Police
         Department (Docket No. 3); and

(ii)     DIRECT Defendants to file a supplemental memorandum by May 27, 2005 if they wish
         to pursue the motion to dismiss with respect to the Baltimore County Department of
         Health and the Director of the Baltimore County Office of Finance and Budget.
         Plaintiffs' response will be due by June 10, 2005.  Defendants' reply will be due by
         June 17, 2005.

Discovery will begin immediately for those defendants who have not moved to dismiss.


Dated this _20th__ day of May, 2005.


                              _____/s/_____
                              Benson Everett Legg
                              Chief Judge

3